**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| **MICHAEL MCCOLE** | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION** |
| | : | **NO. 05-5162** |
| **ROBERT D. SHANNON; THE** | : | |
| **ATTORNEY GENERAL OF THE STATE** | : | |
| **OF PENNSYLVANIA; THE DISTRICT** | : | |
| **ATTORNEY OF THE COUNTY OF** | : | |
| **PHILADELPHIA** | : | |
| **Respondents.** | : | |

_____

**DuBOIS, J.**                                                  **MARCH 27, 2007**

## M E M O R A N D U M

**I.      INTRODUCTION**

Petitioner Michael McCole is incarcerated in the State Correctional Institution (SCI)

Frackville, in Frackville, Pennsylvania.  Presently before the Court is petitioner's *pro se* Petition

for Writ of Habeas Corpus Under 28 U.S.C. § 2254, filed on November 9, 2005.  The petition

raises four grounds for relief: (1) that petitioner's First Amendment rights were violated by the

dismissal of a Pennsylvania civil action filed by petitioner; (2) that petitioner's Seventh

Amendment right to a jury trial was violated by the dismissal of the Pennsylvania civil action;

and (3) that petitioner's due process rights were violated by (a) the dismissal of the Pennsylvania

civil action and (b) the failure of respondents to comply with petitioner's negotiated sentence by

releasing petitioner on parole.

The case was referred to United States Magistrate Judge Arnold C. Rapoport by Order

dated December 14, 2006.  On January 22, 2007, Magistrate Judge Rapoport filed a Report and

Recommendation, in which he recommended that the Petition for Writ of Habeas Corpus be

denied with prejudice and dismissed without an evidentiary hearing.  In the Report and Recommendation, the Magistrate Judge concluded that petitioner asserts three claims, all of which arise out of the dismissal of petitioner's Pennsylvania civil action, referred to as Claims 1, 2, and 3(a) in this Memorandum.  See Report and Recommendation at 15.  This Court disagrees with the Magistrate Judge's enumeration of the claims presented.  Construing petitioner's *pro se* claims liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), the Court concludes that petitioner also asserts a due process claim regarding his negotiated sentence, Claim 3(b), which is independent of petitioner's claims regarding his Pennsylvania civil action.

Petitioner filed timely Objections to the Report and Recommendation, in which he, *inter alia*, raised four issues: (1) that the Magistrate Judge erred in concluding that petitioner's claims are procedurally defaulted; (2) that the Magistrate Judge erred in concluding that petitioner's claims are untimely; (3) that the Magistrate Judge erred in concluding that tolling of the statute of limitations is not warranted; and (4) that the Magistrate Judge erred in concluding that petitioner's claims are not cognizable on habeas review.

For the reasons set forth below, the Court concludes that the *pro se* § 2254 petition is an unauthorized "second or successive" habeas petition under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(b), and must be dismissed for lack of jurisdiction.  The Court further concludes that petitioner's claims regarding his Pennsylvania civil action, Claims 1, 2, and 3(a), are not cognizable under 28 U.S.C. § 2254(a) and must be dismissed on that additional ground.  Thus, the *pro se* § 2254 petition is dismissed with prejudice for lack of jurisdiction under AEDPA, 28 U.S.C. §§ 2244(b) and 2254(a).

2

II.     **FACTUAL AND PROCEDURAL BACKGROUND**

A detailed factual and procedural history is included in two previously reported opinions in this case.  McCole v. Shannon, 2006 WL 1160169 (E.D. Pa. Apr. 28, 2006) (denying with prejudice *pro se* petition for writ of habeas corpus); McCole v. Pennsylvania Board of Probation and Parole, 2006 WL 2792212 (W.D. Pa. Sept. 26, 2006) (dismissing *pro se* petition for writ of habeas corpus).  In this Memorandum, the Court reviews and expands the previously reported factual and procedural history as necessary to explain its ruling.

A.     **Trial and Sentencing**

On April 17, 1984, following a jury trial before the Honorable Angelo Guarino in the Court of Common Pleas of Philadelphia County (the "Court of Common Pleas"), petitioner was convicted of four counts of involuntary deviant sexual intercourse, four counts of terroristic threats, one count of rape, and one count of corruption of a minor.  Commonwealth v. McCole, No. 1919 EDA 2002, slip op. at 1 (Pa. Super. Ct. July 22, 2003).  Petitioner agreed to a negotiated sentence, whereby he withdrew post-verdict motions and gave up the right to file a direct appeal.  Id. at 1-2.  On February 9, 1988, pursuant to this agreement, petitioner was sentenced to 16 to 32 years imprisonment, to be "followed by 5 years' probation."  Id. at 1.

At petitioner's sentencing hearing, the district attorney suggested that petitioner would be released on parole after serving a term of imprisonment of less than 32 years, and that such release, "presumably [would] be after the 16 of his 32 years."  N.T. 2/9/88, at 13, Objections to Report and Recommendation, Ex B.  Moreover, the sentencing court and defense counsel agreed to include the 5 year term of probation in petitioner's sentence on the grounds that (1) petitioner would "presumably" be released on parole after serving 16 years, and (2) petitioner would serve

3

the 5 year term of probation concurrently with his parole, rather than serving probation after the

expiration of his maximum sentence.  Id. at 10-14.[1]

---

[1] The sentencing transcript provides, in relevant part, as follows:

Mr. Clark [the district attorney]:
    – Your Honor sentence him to a consecutive – sentence him to five years probation, probation to begin running when he's paroled.

Mr. Rose [defense counsel]:
    That's a greater sentence.

Mr. Clark:    No, it's not.  Because when he does his 16 and he gets paroled with his time served, then the probation begins to run.  The probation finishes before he gets off parole.

Mr. Rose:    But he's under jurisdiction of both Judge Guarino and the Parole Board.

The Court:    Yes.

Mr. Rose:    It wasn't within the scope of our negotiations.

The Court:    Okay.  Well, then, see what you can do.

Mr. Clark:    It's still a total of 32 years.

Mr. Rose:    It's still a total of 32 years and it's still the same minimum sentence but it subjects the defendant to additional restrictions upon his –

The Court:    No, there's no additional restrictions.
                . . .

Mr. Clark:    Correct, concurrent to each other.  Just so we are clear, as follow: The defendant is sentenced to 16 to 32 years imprisonment.  Upon his parole, which presumably as of now will be after 16 years, he begins five years probation in addition to the remaining 16 years of parole.  That probation is your honor's probation.
    After he completes that five years, which presumably will be his 21st year, at that point he has only the parole to worry about and your honor's probation will have run.

Mr. Rose:    That's correct and of course the defendant should receive credit for all time served.

Mr. Clark:    The defendant receives credit for time served.  That's obviously correct.

The Court:    Have you got that?

The Court Clerk: Yes, your honor, I have that.

The Court:    All right.  The probationary period to commence at the moment that he's released on parole and to run concurrent with the parole period to the extent of five years.
                . . .

N.T. 2/9/88, at 10-14.

On May 27, 1999, the Pennsylvania Board of Probation and Parole (the "Parole Board")
denied petitioner parole.  McCole, No. 1919 EDA 2002, slip op. at 2.  On July 17, 2002 and
August 12, 2003, petitioner was again denied parole.   McCole v. Pennsylvania Board of
Probation and Parole, 2006 WL 2792212 at *1.

Petitioner has filed several petitions in Pennsylvania state courts and in federal court,
challenging his continued incarceration.  The Court describes these post-conviction petitions
below.

**B.      Petitioner's PCRA Petition**

On May 26, 2000, petitioner filed a *pro se* petition for relief under the Pennsylvania Post-
Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, in the Court of Common Pleas.
McCole, No. 1919 EDA 2002, slip op. at 2.[2]  Thereafter, petitioner retained counsel and filed a
counseled amended petition.  Id.  The PCRA petition was "based on the Parole Board's denial of
parole at the completion of [petitioner]'s minimum sentence."  Id.  Petitioner asserted that "based
on his sentencing agreement, he was entitled to be released at the expiration of his minimum
sentence of 16 years' imprisonment."  Id. at 3.  Specifically, petitioner "challeng[ed] the May 27,
1999 decision of the Pennsylvania Board of Probation and Parole denying him parole, not his
judgment of sentence."  Id.

On May 20, 2002, the Court of Common Pleas dismissed petitioner's PCRA petition as
"untimely filed and without merit."  McCole, No. 1919 EDA 2002, slip op. at 2.  On July 22,

---

[2]  Petitioner alleges that "he filed for [state] habeas corpus relief rather than relief under
the PCRA."  McCole, No. 1919 EDA 2002, slip op. at 3; see also Objections to Report and
Recommendation, Ex. A.  However, the Court of Common Pleas and the Superior Court
construed the petition as a petition for PCRA relief.  McCole, No. 1919 EDA 2002, slip op. at 1.

2003, the Superior Court affirmed.  The Superior Court held that the PCRA petition was

untimely, and that the "PCRA is not . . . the proper vehicle for challenging the Parole Board's

determination of parole eligibility." Id. at 3-4.  The Pennsylvania Supreme Court denied a

petition for allowance of appeal on March 11, 2004.  Commonwealth v. McCole, No. 123 EM

2003 (Pa. Mar. 11, 2004).

**C.**     **Petitioner's Civil Action**

On July 11, 2001, petitioner filed a *pro se* civil complaint in the Court of Common Pleas

against defendants Lynne M. Abraham, District Attorney of Philadelphia; Kathleen Zwierzyna,

Secretary of the Pennsylvania Board of Probation and Parole; and Edward T. Brennan,

Superintendent of the State Correctional Institution in Albion, Pennsylvania.  McCole v.

Abraham, et al., No. 00-1214 (Phila. Ct. Comm. Pl. July 11, 2001).  In the civil action, petitioner

allegedly stated two claims arising out of his negotiated sentence–breach of contract and

fraudulent misrepresentation–and sought a jury trial.  Section 2254 Petition at 6.[3]

On February 28, 2002, the Court of Common Pleas dismissed petitioner's complaint with

prejudice.  McCole v. Abraham, et al., No. 00-1214 (Phila. Ct. Comm. Pl. Feb. 28, 2002).  On

December 11, 2003, the Superior Court of Pennsylvania affirmed.  McCole v. Abraham, No. 895

EDA 2002, 844 A.2d 1295 (Pa. Super. Dec. 11, 2003).  The Pennsylvania Supreme Court denied

a petition for allowance of appeal on August 25, 2004.  McCole v. Abraham ex rel. Dist. Atty. of

Philadelphia, No. 92 EAL 2004, 579 Pa. 712 (Pa. Aug. 25, 2004).[4]

---

[3]  Neither petitioner nor respondents appended copies of any documents filed in the civil
action, or any judgments in that case, to their submissions in this case.

[4]  Petitioner filed an additional lawsuit in the Pennsylvania courts, which is not at issue in
this case.  Specifically, on May 15, 2003, petitioner filed a Petition for Writ of Mandamus in the

**D.    Petitioner's Prior Habeas Corpus Petition Filed in the Western District of Pennsylvania (First § 2254 Petition)**

On September 14, 2004, petitioner filed a *pro se* petition for writ of habeas corpus under § 2254 in the Western District of Pennsylvania ("the first § 2254 petition"). McCole v. Pennsylvania Board of Probation and Parole, 2006 WL 2792212 at *1. The underlying conviction in the first § 2254 petition was petitioner's 1984 conviction for "rape and related offenses." Id.

In the first § 2254 petition, petitioner raised two grounds for relief: (1) that petitioner's rights under the Ex Post Facto clause were violated by the denial of parole on July 17, 2002, and (2) that petitioner's rights under the Ex Post Facto clause were violated by the denial of parole on August 12, 2003. Id. In addition, petitioner raised a "due process claim based on Pennsylvania's alleged receipt of federal funds under the Violent Offender Incarceration/Truth-in-Sentencing Grants Act, 42 U.S.C. § 13701, et seq." McCole v. Pennsylvania Board of Probation and Parole, No. 06-1854 (3d Cir. Dec. 6, 2006).[5]

On February 2, 2006, United States Magistrate Judge Susan Paradise Baxter issued a Report and Recommendation, in which she recommended that the first § 2254 petition be dismissed because (1) petitioner's challenge to the July 17, 2002 denial of parole was moot;

---

Commonwealth Court of Pennsylvania against defendant Pennsylvania Board of Probation and Parole. McCole v. Pennsylvania Board of Probation & Parole, No. 317 MD 2003 (Pa. Cmwth. Ct. May 15, 2003). On July 28, 2003, the Commonwealth Court dismissed the Petition for Writ of Mandamus. McCole v. Pennsylvania Board of Probation & Parole, No. 41 EAP 2003, 576 Pa. 619 (Pa. 2003). The Pennsylvania Supreme Court affirmed the dismissal on December 3, 2003. Id. Neither petitioner nor respondents appended copies of any documents filed in the mandamus action, or any judgments in that case, to their submissions in this case.

[5] The district court did not rule on this due process claim, which the United States Court of Appeals for the Third Circuit held was time-barred. Id.

(2) petitioner's challenge to the August 12, 2003 denial of parole was not exhausted; and (3) even if petitioner's state remedies were exhausted, no *ex post facto* violation occurred.  McCole v. Pennsylvania Board of Probation and Parole, 2006 WL 2792212 at *1, 2.  By Order dated September 26, 2006, Judge Sean J. McLaughlin approved and adopted the Report and Recommendation, and dismissed the first § 2254 petition.  Id. at *1.  The Third Circuit denied petitioner's request for a certificate of appealability on December 6, 2006.  McCole v. Pennsylvania Board of Probation and Parole, No. 06-1854 (3d Cir. Dec. 6, 2006).

**E.     Petitioner's Prior Habeas Corpus Petition Filed in the Middle District of Pennsylvania and Transferred to the Eastern District of Pennsylvania (Second § 2254 Petition)**

On May 16, 2005, while the first § 2254 petition was pending, petitioner filed a second *pro se* petition for writ of habeas corpus under § 2254 in the Middle District of Pennsylvania ("the second § 2254 petition").  McCole v. Shannon, 2006 WL 1160169 at *1, 2.  By Order dated July 11, 2005, the second § 2254 petition was transferred to the Eastern District of Pennsylvania. Id.  It was received and docketed in the Eastern District of Pennsylvania on July 14, 2005.  Id. The conviction underlying the second § 2254 petition was again petitioner's 1984 conviction for "four counts of involuntary deviate sexual intercourse, four counts of terroristic threats, one count of rape, and one count of corruption of a minor."  Id. at *1.

In the second § 2254 petition, petitioner raised four grounds for relief:

(1) violation of the [Due Process Clause of the] Fifth Amendment of the United States Constitution (Pet., p. 9); (2) violation of the [Due Process and Equal Protection Clauses of the] Fourteenth Amendment of the United States Constitution ( Id.); (3) violation of the Sixth Amendment of the United States Constitution ( Id.); and (4) the statute of limitations was an unreasonable application of state procedural default.

Id. at *2.  The gravamen of petitioner's claims was that when his "minimum sentence arrived, 11

years[6] after his sentencing, he was denied release, contrary to the sentence conveyed to him by Judge Guarino and the understanding of petitioner.  This denial of release, denied petitioner the benefits of the negotiated sentence . . ."  Section 2254 Petition, May 16, 2005, Mem. Law ¶¶ 6-7.

On December 15, 2005, United States Magistrate Judge Arnold C. Rapoport issued a Report and Recommendation recommending that the second § 2254 petition be denied as untimely.  McCole v. Shannon, 2006 WL 1160169 at *4.  By Order dated April 28, 2006, Judge Legrome Davis approved and adopted the Report and Recommendation, and denied the second § 2254 petition on that ground.  Id. at *1.  The Third Circuit denied petitioner's request for a certificate of appealability on January 4, 2007.  McCole v. Shannon, et al., No. 06-2648 (3d Cir. Jan. 4, 2007).

**F.     Petitioner's Prior Habeas Corpus Petition Filed in the Middle District of Pennsylvania and Transferred to the Eastern District of Pennsylvania (Third § 2254 Petition)**

On August 10, 2005, petitioner filed yet another petition for writ of habeas corpus under § 2254 in the Middle District of Pennsylvania ("the third § 2254 petition").  By Order dated September 26, 2005, the third § 2254 petition was transferred from the Middle District of Pennsylvania to the Eastern District of Pennsylvania.  It was received and docketed in the Eastern District of Pennsylvania on November 9, 2005.  The conviction underlying the third § 2254 petition was again petitioner's 1984 conviction for rape and related offenses.  Section 2254 Petition ¶ 2.[7]

---

[6] Although petitioner's minimum sentence was 16 years, petitioner received credit for time served prior to his sentencing.  N.T. 2/9/88, at 14.

[7] The standard form, which petitioner filled out in filing the third § 2254 petition requested the "[d]ate of Judgment of conviction."  Section 2254 Petition ¶ 2(a).  Petitioner listed

The third § 2254 petition, which is currently before this Court, raises four grounds for relief: (1) that petitioner's First Amendment rights were violated by the dismissal of the Pennsylvania civil action filed by petitioner; (2) that petitioner's Seventh Amendment right to a jury trial was violated by the dismissal of the Pennsylvania civil action; and (3) that petitioner's due process rights were violated by (a) the dismissal of the Pennsylvania civil action and (b) the failure of respondents to comply with petitioner's negotiated sentence by releasing petitioner on parole.

On January 22, 2007, United States Magistrate Judge Arnold C. Rapoport issued a Report and Recommendation, in which he recommended that the third § 2254 petition be denied with prejudice and dismissed without an evidentiary hearing.[8]  On February 2, 2007, petitioner filed timely Objections to the Report and Recommendation.  On February 16, 2007, respondents filed

---

April 10, 1984, which corresponds roughly to the date of the 1984 judgment, issued on April 17, 1984.  Id.

   [8]  The issuance of the Report and Recommendation was delayed for some time due to petitioner's failure to pay the required $5.00 filing fee.  In the interim, *inter alia*, the following occurred.
   On April 12, 2006, Judge Legrome D. Davis dismissed the third § 2254 petition without prejudice for failure to pay the $5.00 filing fee.  On April 20, 2006, petitioner filed a Notice of Appeal of the April 12, 2006 Order.  While the appeal was pending, petitioner paid the $5.00 filing fee.  On October 16, 2006, the Third Circuit dismissed petitioner's appeal as moot, and directed the "District Court . . . to proceed with its consideration of [petitioner]'s habeas petition as promptly as its docket permits."  McCole v. Shannon, et al., No. 06-2459 (3d Cir. Oct. 16, 2006).
   Meanwhile, on May 18, 2006, petitioner filed a motion for recusal of Judge Davis.  By Order dated May 30, 2006, Judge Davis, granted the motion for recusal in the third § 2254 petition on the ground that he was Chief of the Rape Prosecution Unit of the Philadelphia District Attorney's Office while petitioner was awaiting sentencing, and so had supervisory authority over the matter.  As a result of Judge Davis' recusal, the third § 2254 petition was transferred to this Court on June 21, 2006.  Judge Davis did not grant petitioner's motion for recusal as to the second § 2254 petition because petitioner had previously filed a notice of appeal in that case, divesting the court of jurisdiction.

a Response to Petitioner's Objections to Report and Recommendation.  Petitioner filed a reply to respondents' Response on March 5, 2007.

## III.     STANDARD OF REVIEW

When a court refers a habeas petition to a magistrate judge, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made . . . [T]he court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(c).

In this case, petitioner objects to all of the conclusions of the Magistrate Judge in the Report and Recommendation.  See, e.g., Objections to Report and Recommendation ¶ 5 (objecting to conclusion that petitioner's claims are procedurally defaulted); id. ¶ 7 (objecting to conclusion that petition is untimely); id. ¶ 7 (objecting to conclusion that tolling of the statute of limitations is not warranted); id. ¶ 9 (objecting to conclusion that petitioner's claims are not cognizable on habeas review).  Thus, the Court reviews *de novo* the entire Report and Recommendation.

## IV.     DISCUSSION

## A.     The Legal Standard: The Anti-Terrorism and Effective Death Penalty Act

Pursuant to AEDPA, 28 U.S.C. § 2254(a), the district courts have jurisdiction to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

AEDPA "established a stringent set of procedures that a prisoner 'in custody pursuant to

the judgment of a State court,' must follow if he wishes to file a 'second or successive' habeas corpus application challenging that custody."  Burton v. Stewart, 127 S.Ct. 793, 796 (2007) (per curiam) (quoting 28 U.S.C. §§ 2254(a), 2244(b)(1)).  Specifically, before filing a second or successive habeas corpus petition, "a prisoner 'shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.' " Id. at 796 (quoting 28 U.S.C. § 2244(b)(3)(A)).  A petitioner's failure to do so "deprive[s] the District Court of jurisdiction to hear his claims."  Id. at 794.

**B.     Under AEDPA This Court Lacks Jurisdiction Over the Third § 2254 Petition**

**1.     The Third § 2254 Petition Is an Unauthorized Second or Successive Habeas Petition Under 28 U.S.C. § 2244(b)**

Petitioner has filed two prior petitions for writ of habeas corpus.  Thus, a "threshold question" before the Court is whether petitioner's third § 2254 petition "should [be] dismissed as a "second or successive" petition pursuant to 28 U.S.C. § 2444."  See Benchoff, 404 F.3d at 815. Because "§ 2244 implicates . . . the District Court's subject matter jurisdiction" the Court raises this issue *sua sponte*.  Id.  After reviewing the three petitions, the Court concludes that the third § 2254 petition is a second or successive petition, and that the Court lacks jurisdiction over all of petitioner's claims under 28 U.S.C. § 2244(b).

On September 14, 2004, petitioner filed the first § 2254 petition in the Western District of Pennsylvania.  That petition was dismissed on the ground that petitioner "ha[d] not exhausted available state court remedies," but the dismissal order went on to state that "[e]ven if the court were to address the merits of petitioner's *ex post facto* claim, it [the court] would find that no violation has occurred."  McCole v. Pennsylvania Board of Probation and Parole, 2006 WL

12

2792212 at *2. On the present state of the record it is unclear whether the first § 2254 petition was adjudicated on the merits, with the effect that the second § 2254 petition would be considered a second or successive petition, or whether the first § 2254 petition was unadjudicated on the merits and dismissed for failure to exhaust state remedies, which would not have the same effect. See Slack v. McDaniel, 529 U.S. 473, 485-86 (2000); see also Rose v. Lundy, 455 U.S. 509, 510 (1982). The Court does not decide this issue. Instead the Court turns to the question whether the third § 2254 petition is a second or successive petition by reason of the filing of the second § 2254 petition.

On May 16, 2005, petitioner filed his second § 2254 petition, which was transferred to the Eastern District of Pennsylvania on July 11, 2005. The second § 2254 petition was adjudicated and dismissed as untimely by Order dated April 28, 2006. On August 10, 2005, petitioner filed the third § 2254 petition, which was transferred to the Eastern District of Pennsylvania on September 26, 2005 and is currently before this Court. The conviction underlying each of these § 2254 petitions is the same–the 1984 conviction for rape and related offenses. Compare Section 2254 Petition ¶ 2, with McCole v. Shannon, 2006 WL 1160169 at *1 and McCole v. Pennsylvania Board of Probation and Parole, 2006 WL 2792212 at *1. Accordingly, the third § 2254 petition is a "second or successive" habeas petition under 28 U.S.C. § 2244(b).

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Under this statute, petitioner "was required to receive authorization from the Court of Appeals before filing" the third § 2254 petition." See Burton, 127 S.Ct. at 796. Because petitioner did not seek,

13

let alone receive, such authorization, this Court lacks jurisdiction over all of petitioner's claims.

Thus, the Court dismisses all of petitioner's claims asserted in the third § 2254 petition as second

or successive applications under 28 U.S.C. § 2244(b)(3)(A).

**2.      Petitioner's Claims Regarding His Pennsylvania Civil Action Are Not Cognizable
         Under 28 U.S.C. § 2254(a)**

The Court also concludes that petitioner's claims regarding the dismissal of his

Pennsylvania civil action, Claims 1, 2, and 3(a), are not cognizable under 28 U.S.C. § 2254(a).

As a result, the Court lacks jurisdiction over those claims for that additional reason.

Under AEDPA, a district court has jurisdiction over a petition for writ of habeas corpus

"only on the ground that [petitioner] is in custody in violation of the Constitution or laws or

treaties of the United States."  28 U.S.C. § 2254(a).  The Supreme Court has long recognized that

"the essence of habeas corpus is an attack by a person in custody upon the legality of that

custody, and that the traditional function of the writ is to secure release from illegal custody."

Preiser v. Rodriguez, 411 U.S. 475, 484 (1973); see also Wilkinson v. Dotson, 544 U.S. 74, 79

(2005) (quoting Preiser).

In Claims 1, 2, and 3(a) of the third § 2254 petition, petitioner asserts that the

Pennsylvania state courts improperly dismissed his civil action against defendants Abraham,

Zwierzyna, and Brennan, in which petitioner alleged breach of contract and fraudulent

misrepresentation.  See Section 2254 Petition, Mem. Arg. at 1, 3, 4.  Matters involving the

dismissal of state civil actions, such as the Pennsylvania civil action filed by petitioner, are not

cognizable in a habeas corpus proceeding.  See Hassine v. Zimmerman, 160 F.3d 941, 954 (3d

Cir. 1998), cert. denied 526 U.S. 1065 (1998) ("Federal habeas power is 'limited . . . to a

determination of whether there has been an improper detention by virtue of the state court

judgment.'") (citation omitted).

**C.**     **A Certificate of Appealability Shall Not Issue**

A certificate of appealability shall issue "only if the applicant has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the district court

rejects a habeas corpus petition on procedural grounds, a certificate of appealability shall issue

when petitioner establishes: "[1] that jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason

would find it debatable whether the district court was correct in its procedural ruling." Slack v.

McDaniel, 529 U.S. 473, 484 (2000); see also Cooper v. Price, 82 Fed. Appx. 258, 259-60 (3d

Cir. 2003).

In this case, jurists of reason would not debate the Court's conclusion that the third

§ 2254 petition fails to state a valid claim of the denial of a constitutional right. Nor would

jurists of reason debate the Court's conclusions that the third § 2254 petition is a second or

successive petition under 28 U.S.C. § 2244(b), and that petitioner's claims regarding the

dismissal of his Pennsylvania civil action are not cognizable under 28 U.S.C. § 2254(a). Thus, a

certificate of appealability will not issue.

**D.**     **This Court Lacks Jurisdiction Over Petitioner's Motion to Take Judicial Notice**

While the third § 2254 petition was pending, petitioner filed a *pro se* Motion to Take

Judicial Notice Pursuant to Fed. Rules of Evidence Rule 201. This Motion, filed on January 22,

2007, is currently before this Court. On December 15, 2006, petitioner filed a substantially

identical *pro se* motion in the Third Circuit entitled Appellant's Motion to Take Judicial Notice

15

Pursuant to Fed. Rules of Evidence Rule 201, Third Cir. L.A.R. 27.  The Third Circuit denied the motion by Order dated January 4, 2007.

This Court has no jurisdiction to review an order of the Third Circuit.  <u>See</u> 28 U.S.C. §§ 1331, 1332 (providing that federal district courts are courts of original, not appellate, jurisdiction).  Thus, the Motion to Take Judicial Notice Pursuant to Fed. Rules of Evidence Rule 201 is dismissed for lack of jurisdiction.

## V.   CONCLUSION

For the foregoing reasons, the Court concludes that the third § 2254 petition is an unauthorized "second or successive" habeas petition under 28 U.S.C. § 2244(b), and that petitioner's claims regarding the dismissal of his Pennsylvania civil action are not cognizable under 28 U.S.C. § 2254(a).  Thus, the *pro se* Petition for Writ of Habeas Corpus is dismissed with prejudice for lack of jurisdiction.  The Motion to Take Judicial Notice Pursuant to Fed. Rules of Evidence Rule 201 is also dismissed with prejudice for lack of jurisdiction.

An appropriate order follows.

16

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| **MICHAEL MCCOLE** | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION** |
| | : | **NO.  05-5162** |
| **ROBERT D. SHANNON; THE** | : | |
| **ATTORNEY GENERAL OF THE STATE** | : | |
| **OF PENNSYLVANIA; THE DISTRICT** | : | |
| **ATTORNEY OF THE COUNTY OF** | : | |
| **PHILADELPHIA** | : | |
| **Respondents.** | : | |

_____

# **O R D E R**

**AND NOW**, this 27th day of March, 2007, upon careful and independent consideration

of the *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Document No. 5, filed

November 21, 2005), and the Response to Petitioner's Motion for Relief Pursuant to Federal

Rule of Civil Procedure 60(b) (Document No. 18, filed June 29, 2006), construed as a response

to the *pro se* Petition for Writ of Habeas Corpus, and after review of the Report and

Recommendation of United States Magistrate Judge Arnold C. Rapoport (Document No. 25,

filed January 22, 2007); the *pro se* Motion to Take Judicial Notice Pursuant to Fed. Rules of

Evidence Rule 201 (Document No. 26, filed January 22, 2007); Petitioner's [*Pro se*] Objections

to Magistrate Judge's Report and Recommendation Pursuant to 28 U.S.C. 636(B)(1)(B)

(Document No. 27, filed February 2, 2007); the Response to Petitioner's Objections to Report

and Recommendation (Document No. 29, filed February 16, 2007); and Petitioner's [*Pro se*]

Response to Respondent's Objections to Magistrate's Report and Recommendation (Document

No. 29, filed March 5, 2007), for the reasons set forth in the attached Memorandum, **IT IS**

**HEREBY ORDERED** that:

1.      The Court **DECLINES TO ADOPT** the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport dated January 22, 2007;

2.      Petitioner's [*Pro se*] Objections to Magistrate Judge's Report and Recommendation Pursuant to 28 U.S.C. 636(B)(1)(B) are **OVERRULED**;

3.      The *pro se* Petition for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE FOR LACK OF JURISDICTION** on the ground that it is an unauthorized "second or successive" habeas petition under 28 U.S.C. § 2244(b);

4.      Petitioner's claims regarding the dismissal of his Pennsylvania civil action, included in the *pro se* Petition for Writ of Habeas Corpus are **DISMISSED WITH PREJUDICE FOR LACK OF JURISDICTION** for the additional reason that these claims are not cognizable in a petition for writ of habeas corpus under 28 U.S.C. § 2254(a);

5.      Petitioner's *pro se* Motion to Take Judicial Notice Pursuant to Fed. Rules of Evidence Rule 201 is **DISMISSED WITH PREJUDICE FOR LACK OF JURISDICTION** on the ground that this Court has no jurisdiction to review an order of the United States Court of Appeals for the Third Circuit; and

6.      A certificate of appealability will not issue on the ground that petitioner has not made a substantial showing of a denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2).

                                        **BY THE COURT:**


                                        **/s/ Honorable Jan E. DuBois**

                                               **JAN E. DUBOIS, J.**